IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LOVELLE BANKS,

    Plaintiff,

vs.

JOHN DEERE AND COMPANY;
JOHN DEERE WATERLOO
WORKS,

    Defendants.

No. C13-2088

RULING ON MOTION TO DISMISS

## TABLE OF CONTENTS

I.    INTRODUCTION ................................... 1

II.   PROCEDURAL HISTORY ............................ 2

III.  RELEVANT FACTS ................................. 2

IV.  DISCUSSION ...................................... 3
    A.   *Is a Motion to Dismiss the Proper Remedy?* ............. 4
    B.   *Is Banks' Chapter 216 State Claim Time-Barred?* ........ 7

V.    ORDER .......................................... 18

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss (docket number 7) filed by the Defendants on February 7, 2014, the Resistance and Brief in Support of Resistance (docket numbers 11 and 12) filed by the Plaintiff on March 17, and the Reply (docket number 15) filed by the Defendants on March 26. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On December 2, 2013, Plaintiff Lovelle Banks filed a petition at law in the Iowa District Court for Black Hawk County, charging Defendants John Deere and Company and John Deere Waterloo Works (collectively "Deere") with race discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964 and Iowa Code chapter 216. The action was removed to this Court on December 31, 2013. On February 7, 2014, Deere filed the instant motion, asking the Court to summarily dismiss Banks' claims.

On February 18, 2014, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Also at that time, the case was referred to me for the conduct of all further proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

## III. RELEVANT FACTS

The facts underlying the instant motion are undisputed. On about April 26, 2013, Plaintiff Lovelle C. Banks filed a charge with the U.S. Equal Employment Opportunity Commission.[1] When Deere filed its motion to dismiss on February 7, 2014, the EEOC had not yet issued a right-to-sue letter on Banks' charge. On February 10, 2014, Banks' attorney wrote to the EEOC, asking that it provide Banks with a Right-to-Sue Release "as soon as possible."[2] In its Reply Brief filed on March 26, Deere acknowledged that the EEOC issued a right-to-sue letter on March 19.

---

[1] A copy of the charge transmittal document is attached to Deere's Motion to Dismiss as Exhibit 3. *See* docket number 7-4.

[2] A copy of the letter is attached to Banks' resistance as Exhibit A. *See* docket number 11 at 3.

2

On some undisclosed date, Banks also filed a complaint with the Iowa Civil Rights Commission ("ICRC"). On September 4, 2013, the ICRC issued an Administrative Release (Right-to-Sue) letter.[3] In the right-to-sue letter, the ICRC advises Banks that he has the right to commence an action in state district court, but that the action "must be commenced within ninety (90) days of the issue date **9/4/2013**." (Emphasis in original)

On December 2, 2013 — one day before the deadline for filing an action in the state district court — Banks presented a petition at law to the Black Hawk County Clerk of Court, together with a check for the $185 filing fee. The petition was file-stamped and given a case number. On December 12, however, the check was returned for insufficient funds and Banks was notified. On December 16 — thirteen days after the deadline for commencing the action in state court — Banks paid the filing fee in cash.

## IV. DISCUSSION

In its motion to dismiss, Deere asserts that Banks failed to commence his action within 90 days after being issued an Administrative Release by the ICRC. Accordingly, Deere argues that Banks' claim under Iowa Code chapter 216 is time-barred. Deere also argued that Banks' Title VII claim was premature because the EEOC had not yet issued a right-to-sue letter. In response, Banks asserts that dismissal under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) is not the proper remedy in this case; his lawsuit was "commenced" when the petition was filed with the clerk of court, rather than when the filing fee was paid; and he should be given an opportunity to "cure the defect" regarding his Title VII claim. After the motion to dismiss was filed, the EEOC issued a right-to-sue letter at Banks' request, and in its reply brief Deere advised the Court that it was withdrawing its argument regarding the Title VII claim.

---

[3] A copy of the Administrative Release is attached to Deere's motion as Exhibit 1. *See* docket number 7-2.

### A. Is a Motion to Dismiss the Proper Remedy?

Preliminarily, the parties dispute whether FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) may be properly invoked by Deere under these circumstances to challenge the timeliness of Banks' lawsuit. RULE 12(b)(6) provides that a party may assert a motion to dismiss for "failure to state a claim upon which relief can be granted." In determining the sufficiency of Banks' petition, the Court must assume as true all factual allegations contained in the petition. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *Id.* (quoting *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002)).

Here, under the heading "PROCEDURAL PREREQUISITES," Banks alleges in his petition that he "filed timely charges of discrimination with the Iowa Civil Rights Commission, which Charges were then timely cross-filed with the Equal Employment Opportunity Commission." Banks further asserts that he "has complied with the procedural prerequisites regarding receiving Right-to-Sue Releases from the Equal Employment Opportunity Commission and the Iowa Civil Rights Commission." Deere asserts, however, that Banks' claim was not timely commenced in state court, as required by Iowa Code chapter 216.

Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). *See also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to

dismiss."); *Wycoff v. Meinke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (same); *ABF Freight System, Inc. v. International Broth. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) ("If an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).") (alterations in original). Accordingly, Deere may raise the issue of whether Banks' claim is time-barred in a RULE 12(b)(6) motion to dismiss.

To address the legal arguments set forth in its motion to dismiss, Deere asks the Court to consider (1) the administrative release issued by the ICRC on September 4, 2013, (2) the documents from the state district court showing when the filing fee was ultimately paid, and (3) the charge transmittal form prepared by the EEOC on April 26, 2013. Banks argues that consideration of matters not included in the pleadings is not permitted under RULE 12(b)(6).

"In addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b), 'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record.'" *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). As noted, the basis for dismissal must be "apparent on the face of the complaint." *ABF Freight*, 728 F.3d at 861. The Eighth Circuit Court of Appeals has interpreted the phrase "face of the complaint" to include "public records and materials embraced by the complaint, and materials attached to the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). *See also Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000) ("On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account."). *Compare Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011) (finding the court improperly granted a motion to dismiss when it

considered sources which "went far beyond the matters of public record"); *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (concluding that insurance agreements not referenced in the complaint constituted matters outside the pleading).

If matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under RULE 56. *See* FED. R. CIV. P. 12(d). In that event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* However, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. Some materials that are part of the public record or do not contradict the complaint may considered by a court in deciding a Rule(b)(6) motion." *Levy*, 477 F.3d at 991 (quoting *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). It should be noted that Banks has not asked that the motion be converted to a motion for summary judgment, does not dispute the authenticity of the additional documents upon which Deere rests its argument, and does not dispute the facts underlying Deere's legal argument. *See Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 860 n.2 (S.D. Iowa 2007) ("[E]xamination of the EEOC and ICRC administrative releases does not require conversion of the pending [RULE 12(b)(6)] motion into one for summary judgment.").

Turning to the facts in this case, Banks asserts in his petition that he filed timely charges of discrimination with the ICRC and the EEOC, and that he "complied with the procedural prerequisites" for receiving right-to-sue releases from both commissions. While the charges and the purported releases were not attached to Banks' petition, the Court concludes that they were "embraced" in the petition. Because the charges and right-to-sue releases were embraced in the petition, they are not "matters outside the pleading." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004)

("Though 'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters outside the pleading."). Moreover, the additional documents upon which Deere relies are part of the public record. The Eighth Circuit has previously held that "an EEOC charge is a part of the public record and may be considered on a motion to dismiss." *Blakley*, 648 F.3d at 931. The certified documents from the Black Hawk County Clerk of Court are also part of the public record.

In summary, Deere's argument that Banks' chapter 216 state claim is time-barred may be properly raised by a RULE 12(b)(6) motion to dismiss. In considering the merits of that argument, the Court may consider the administrative release issued by the ICRC on September 4, 2013, the certified state court documents, and the charge transmittal form issued by the EEOC on April 26, 2013. Because these documents are necessarily embraced by the complaint and consist of public and administrative records, they are not "matters outside the pleading."

### B. Is Banks' Chapter 216 State Claim Time-Barred?

The Court now turns to Deere's argument that Banks' chapter 216 claim is, on its face, time-barred. It is undisputed that the ICRC issued an administrative release (right-to-sue letter) to Banks on September 4, 2013. It is also undisputed that Banks then had 90 days in which to "commence" an action, or the action would be barred. *See* Iowa Code § 216.16(4). In fact, the administrative release issued by the ICRC alerted Banks that an action "must be commenced within ninety (90) days of the issue date 9/4/2013." Accordingly, the deadline for commencing an action was December 3, 2013.

A copy of Banks' petition at law reflects that it was file-stamped by the Black Hawk County Clerk of Court on December 2, 2013 — one day prior to the deadline for commencing an action. Banks paid the filing fee of $185 by issuing a personal check on his credit union account. The certified state documents show, however, that the check was

returned for non-sufficient funds on December 12. The state court records further reflect that Banks paid the filing fee on December 16. The fighting issue here is whether the action was "commenced" when the petition was given to the clerk of court (prior to the deadline) or when the filing fee was paid (after the deadline).

Generally, a civil action is commenced in an Iowa state court by the filing of a petition with the clerk of court.

> For all purposes, a civil action is commenced by filing a petition with the court. The date of filing shall determine whether an action has been commenced within the time allowed by statutes for limitation of actions, even though the limitation may inhere in the statute creating the remedy.

IOWA RULE OF CIVIL PROCEDURE 1.301(1). At first blush, the analysis would seem straightforward. An action must be "commenced" within 90 days, Ia. Code § 216.16(4), and an action is commenced by "filing" a petition with the court, IA. R. CIV. P. 1.301(1). But is a petition "filed" if the filing fee is not paid? Deere concedes that "[t]he Iowa Rules of Civil Procedure do not explicitly state that a filing fee must be paid in order for a lawsuit to be considered 'filed' under Rule 1.301(1)."[4] Deere argues, however, that "other statutory provisions, along with case law from Iowa and other jurisdictions make it clear that a filing fee must be paid before a petition is considered 'filed.'"[5]

However, Deere doesn't cite any Iowa case law. Regarding "other statutory provisions," Deere cites only Iowa Code § 602.8105(1)(a). That statute requires the clerk of court to collect $185 "for filing and docketing a petition." Deere argues that it can be reasonably inferred that the $185 must be collected *before* a petition can be "filed and docketed." According to Deere, "[a] contrary interpretation — allowing the fee to be paid

---

[4] Deere's Brief (docket number 7-1) at 4.

[5] *Id.*

8

post-filing — would produce absurd results."[6] There is no Iowa authority on point and authority from other jurisdictions is conflicting.

In support of its argument, Deere relies primarily on *Margetan v. Superior Chair Craft Co.*, 963 P.2d 907 (Wash. App. 1998). In *Margetan*, the statute of limitations ran on December 3. On November 27, the plaintiff hired a special messenger to deliver the summons and complaint to the clerk of court's office. The messenger placed the documents in a "document filing receptacle" at the clerk's office, but did not pay a filing fee. On December 6, the plaintiff received a notice from the clerk that the documents were not accepted because he had failed to pay the filing fee. The plaintiff paid the filing fee the same day, and the clerk assigned a case number. The Court concluded that the claim was time-barred because "a complaint is 'filed' for purposes of commencing an action in time to toll the statute of limitations when the required filing fee is paid." *Id.* at 911.

In Washington, as in Iowa, the rules provide that "an action shall be deemed commenced when the complaint is filed." *Id.* at 908. The Court noted that the rule "does not resolve the issue of when a complaint has been 'filed' for purposes of tolling the statute of limitations." *Id.* at 909. In Washington, however, there is another statute which specifically requires the clerk to collect a filing fee *before* acting:

> The officers mentioned in this chapter except the county sheriff shall not, in any case, except for the state or county, perform any official services unless the fees prescribed therefore are *paid in advance*, and on such payment the officer must perform the services required. . . .

*Id.* at 909 (quoting rev. Code of Wash., § 36.18.060) (emphasis added). That is, Washington law specifically prohibits the clerk of court from performing any official

---

[6] Deere's Reply Brief (docket number 15) at 2.

services until the required fee is "paid in advance." The plaintiff in *Margetan* had made no effort to pay the filing fee prior to the limitations deadline.

An Alabama court reached the same result in *De-Gas, Inc. v. Midland Resources*, 470 So.2d 1218 (Ala. 1985) (finding the complaint was not filed until the filing fee was paid, when the statute required payment "at the time a complaint is filed"). *See also Lahey v. Johnson*, 720 S.E.2d 534, 536 (Va. 2012) (finding a *habeas* petition was not timely filed when the statute provided that the petition "will not be filed without payment of court costs"). Deere has not pointed the Court to any equivalent Iowa statute — requiring advance payment — and the Court has found none. As noted by the *Margetan* Court, "caution must be used" in citing cases from other jurisdictions "because their analysis depends on the statutory language at issue and in some instances local rules." 963 P.2d at 909 fn.3.

The case providing the most support for Deere's argument is *Broker House Intern., Ltd. v. Bendelow*, 952 P.2d 860 (Colo. App. 1998). There, the statute of limitations expired on March 1. The plaintiff submitted a complaint to the clerk of court on February 27, together with a check for the docket fee. The check bounced, however, and the plaintiff did not pay the fee until April 15. The Court concluded that "plaintiff's complaint was not filed for purposes of the statute of limitations until the filing fee was paid on April 15, 1996." *Id.* at 863. "[I]f a complaint submitted to the court clerk is accompanied by an insufficient funds check, then it is not 'filed' with the court for purposes of the statute of limitations." *Id. See also Boostrom v. Bach*, 622 N.E.2d 175, 177 (Ind. 1994) (finding a claim was time-barred when the plaintiff failed to pay the filing fee until after the limitations period had run).

In resisting the motion to dismiss, Banks cites *Southeastern Pennsylvania Transp. Authority v. DiAntonio*, 618 A.2d 1182 (Pa. 1992), and *Foley v. Foley*, 304 P.2d 719 (Cal. App. 1956). In the first case, DiAntonio sued after he was injured while a passenger on

a bus owned by the Southeastern Pennsylvania Transportation Authority (SEPTA). Because SEPTA failed to file an answer, DiAntonio sent a notice of intent to take default. SEPTA immediately prepared and delivered an answer to the clerk of court.[7] The answer was filed with a number of other documents that day and SEPTA paid the filing fees with a single check. When the clerk later discovered that the check was insufficient to cover all the pleadings filed, the clerk "decided to reject only the answer to DiAntonio's complaint due to the deficient filing fee, and did not enter the filing of the answer on the docket." 618 A.2d at 1183. Default judgment was then entered for DiAntonio. SEPTA argued on appeal that "when it delivered the answer and it was accepted and time-stamped by the prothonotary, that constituted its filing which would preclude the taking of a default judgment." *Id.* at 1184. The appellate court agreed, concluding that SEPTA's answer was "filed" for purposes of avoiding default judgment.

> Although the prothonotary was not required to accept the pleading until the proper fee was paid, the prothonotary accepted SEPTA's answer by time-stamping a copy. These actions constitute "filing", which although not defined in the rules of civil procedure, commonly refers to the delivery of papers to the prothonotary for docketing. Even though the prothonotary's office later discovered that the total fee was deficient, the prothonotary could not summarily return the answer after having accepted it.

*Southeastern Pennsylvania Transp.*, 618 A.2d at 1184 (internal citation omitted). The Court concluded that "[t]o decide otherwise would eliminate reasonable reliance by parties on a prothonotary's acceptance of a pleading." *Id.*

In *Foley*, the issue was whether a motion for new trial was filed timely when the filing fee was not paid until one week later. Citing the California Code of Civil Procedure, and "to the fundamental purpose of the Legislature and to a wise public

---

[7] In Pennsylvania, the clerk of court is apparently referred to as a "prothonotary."

policy," the Court concluded that "[i]n the absence of express authority to the contrary we hold that the timely filing of the notice by the County Clerk was effective notwithstanding the fact that the filing fee was not paid within the statutory period." 304 P.2d at 720. I believe that both *Southeastern Pennsylvania Transp.* and *Foley* are distinguishable on their facts. In both cases, a party was attempting to file a document in a *pending* action. Here, Banks was attempting to initiate a *new* claim, but paid the filing fee with a bad check.

The parties apparently agree that because the claim was initiated in state court, Iowa law governs the issue of when the petition was "filed." It is worth noting, however, that if a complaint was filed in federal court under similar circumstances, it is likely that it would be considered "filed" when it was accepted and file-stamped by the clerk of court, not when the filing fee was ultimately paid 14 days later. FEDERAL RULE OF CIVIL PROCEDURE 3 provides that "[a] civil action is commenced by filing a complaint with the court."[8] Like all jurisdictions, the clerk is required to collect a filing fee. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350. . . .").[9] In interpreting these provisions, which are nearly identical to the Iowa rule and statute, federal courts have uniformly concluded that a claim is timely filed notwithstanding the plaintiff's failure to pay a timely filing fee.

In *Robinson v. Doe*, 272 F.3d 921 (7th Cir. 2001), the plaintiff mailed his complaint to the district court within the two-year statute of limitations, but it was returned to him by the clerk of court because it was unaccompanied by a filing fee or, in lieu of the fee, a motion to proceed *in forma pauperis*. The district court dismissed the suit as barred by

---

[8] For comparison, IOWA RULE OF CIVIL PROCEDURE 1.301(1) states that "[f]or all purposes, a civil action is commenced by filing a petition with the court."

[9] For comparison, Iowa Code § 602.8105(1)(a) provides that "[t]he clerk of the district court shall collect . . . , for filing and docketing a petition, one hundred eighty-five dollars."

12

the statute of limitations. The Seventh Circuit Court of Appeals reversed, finding that "[t]he complaint is 'filed' for purposes of this rule when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving fees and the like." *Id.* at 922-23.

In *McDowell v. Delaware State Police*, 88 F.3d 188 (3d Cir. 1996), the plaintiff filed the original complaint within the applicable two-year limitations period, but did not file an application to proceed *in forma pauperis* until some 14 months later, outside of the limitations period. The clerk did not docket the complaint or open a case file, but wrote to the plaintiff advising him that he had to submit either the filing fee or a request to proceed *in forma pauperis*. The plaintiff responded with an IFP application almost 14 months later. The district court concluded that the plaintiff's complaint was "filed" within the limitations period, but dismissed the action nonetheless due to the delay in the plaintiff requesting leave to proceed *in forma pauperis*. The Third Circuit Court of Appeals agreed with the district court's conclusion that "remittance of a filing fee is not jurisdictional and that the clerk should have accepted McDowell's complaint despite his failure to submit a filing fee or request IFP status." *Id.* at 191. The Court of Appeals further concluded that the case was improperly dismissed, despite the 14-month delay between the clerk's letter and the filing of an IFP application, because "there is no evidence that McDowell acted in bad faith or that the defendants have been prejudiced by the delay." *Id.*

The Eleventh Circuit Court of Appeals reached the same conclusion in *Rodgers v. Bowen*, 790 F.2d 1550 (11th Cir. 1986). There, the plaintiff filed her complaint together with an application for leave to proceed *in forma pauperis*. The IFP application was denied on January 7 and the plaintiff then paid the filing fee on February 12. The Court concluded that the limitations period was tolled when the complaint was filed. Moreover, the Eleventh Circuit Court of Appeals concluded that the district court abused its discretion

in dismissing the action for "failure to prosecute," when the plaintiff paid the required filing fee 36 days after the court denied her IFP application. *Id.* at 1552-53.

This issue was addressed by the Fifth Circuit Court of Appeals in *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978). There, the district court granted summary judgment in a Title VII action because the plaintiff failed to pay a filing fee within a time ordered by the court. The plaintiff timely wrote to the judge and enclosed the right-to-sue letter. The judge directed the correspondence be filed with the clerk of court "as a complaint initiating an action." The Court's order further instructed the plaintiff to pay the appropriate filing fee within 30 days. The plaintiff paid the filing fee 39 days later. The trial court dismissed the action "because the filing fee was paid nine days late, commenting that 'timely filing is jurisdictional to any court's entertaining this cause.'" *Id.* at 546. The Fifth Circuit Court of Appeals reversed:

> [T]he district court mistakenly assumed that timely payment of a filing fee is a jurisdictional requisite. The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955) (per curiam). We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here.

*Wrenn*, 575 F.2d at 547.

The Court notes parenthetically that the issue becomes more complicated when a plaintiff has filed an application to proceed *in forma pauperis*. In *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256 (10th Cir. 1994), the plaintiff brought a Title VII claim against her former employer in federal court. The complaint was filed within 90 days following receipt of her right-to-sue notice from the EEOC. The complaint was accompanied by a request to proceed *in forma pauperis*. The district court denied the plaintiff's request for pauper status four days later — on the deadline for filing a

complaint. Five months after the denial of IFP status, the plaintiff paid the filing fee and "her complaint was officially filed with the Court Clerk's office." *Id.* at 257. When the defendant was served with a copy of the complaint, it responded by filing a motion to dismiss, arguing the Title VII claim "was time-barred by the statute of limitation, the complaint not having been filed within the 90-day requisite period." *Id.* at 258. The Tenth Circuit Court of Appeals began its discussion by noting that there are conflicting appellate court and district court cases on this subject. While declining to articulate any "absolute rule," the *Jarrett* Court found that a "constructive filing" exists until the *in forma pauperis* motion is ruled on. *Id.* at 259. If pauper status is denied, then generally the plaintiff should be permitted a "grace period" in which to pay the filing fee. *Id.* Without establishing any "bright-line rule for all cases," the Court concluded that the five-month delay after denial of IFP status to pay the filing fee was "an unreasonable amount of time in which to tender the filing." *Id.* Accordingly, the Court affirmed the district court's dismissal of the complaint.[10]

The Eighth Circuit Court of Appeals has apparently not addressed this issue. However, the Court finds its decision in *Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973), to be somewhat instructive. In that case, the plaintiff intended to file a Title VII claim by tendering certain documents to the clerk of the district court within the 30-day period in effect at that time. The plaintiff asked that counsel be appointed to represent him and the court entered an order appointing four lawyers associated with Legal Aid. As a result of personnel changes at the Legal Aid Society, however, a formal

---

[10] The Court noted that "[t]he ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling." *Id.* at 259-60. In the Tenth Circuit, however, "a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements." *Id.* at 260 (italics in original).

complaint was not filed with the court until after the 30-day limitation period had expired. The Court agreed that "the time limitation imposed by the statute generally bars any civil proceeding which is not initiated within 30 days after the complaining party receives a right-to-sue letter from the EEOC."[11] *Id.* at 1007. The Court noted, however, "the Supreme Court's stated policy of liberal interpretation of the procedural requirements in regard to layman-initiated proceedings under Title VII," and concluded that the plaintiff "should not be forced to forfeit his claim when he has done everything within his power within 30 days to bring about legal proceedings to enforce his rights." *Id.* at 1008 (citing *Love v. Pullman Co.*, 404 U.S. 522 (1972)).

At least one district court in the Eighth Circuit has concluded that failure to pay the filing fee with the complaint is not fatal when facing a defense based on the statute of limitations. In *Ilgenfritz v. Tipler*, 2009 WL 73288 (E.D. Mo. 2009), a prisoner initiated a civil lawsuit by sending a complaint to the clerk of court, together with a check for $250. The filing fee at that time was actually $350, however, and the clerk returned both the complaint and the check to the plaintiff, instructing him that he would need to resend the complaint with the proper filing fee. The Plaintiff promptly refiled the complaint, along with the $350 filing fee, but the statute of limitations had expired. The Court concluded that the plaintiff had made "a noteworthy effort" to get the filing fee to the clerk when he initially filed his complaint. *Id.* at *4. Because the plaintiff promptly resubmitted his complaint with the full filing fee after being advised to do so, the Court concluded the complaint was timely filed.

Turning to the facts in the instant action, Banks presented his petition at law to the Black Hawk County Clerk of Court, together with a check for the $185 filing fee, one day before the deadline for filing an action in the state district court. There is no evidence that

---

[11] The limitation period has subsequently been extended to 90 days.

Banks knew the check would not be honored by the credit union when presented for payment. When Banks was advised that the check was returned for insufficient funds, he promptly paid the filing fee in cash.

In resolving this issue, the Court is required to predict whether the Iowa Supreme Court would find that the petition was "filed" for these purposes when it was accepted and file-stamped by the clerk of court, or whether it was "filed" when the filing fee was paid 14 days later. Because there is no Iowa authority on point, the Court is provided little guidance. In interpreting a similar rule and statute, however, the federal courts have consistently concluded that the complaint is constructively filed when the complaint is submitted to the clerk of court. The state court cases cited by Deere rest on rules in the respective states explicitly requiring prepayment of the filing fee. Iowa does not have a similar rule and, therefore, the state cases are unpersuasive.

Deere argues that if a claim is considered "filed" without the payment of a filing fee, thereby tolling the statute of limitations, it would "produce absurd results." Deere worries that a plaintiff could proceed without paying the filing fee "and simply await the results of their litigation before deciding whether it was worthwhile to pay the fee at all."[12] I disagree. If a claim is filed without the proper payment, it does not relieve the plaintiff of the obligation to pay the filing fee, or the clerk's obligation to collect the filing fee. If the fee is not paid within a reasonable period of time, then the court can dismiss the action for a lack of prosecution. Under the circumstances of this case, however, I believe that when a plaintiff inadvertently pays the filing fee with a bad check and then promptly pays the fee in cash after being advised of the defect, the action was constructively "filed" when the petition was initially submitted to the clerk of court. Accordingly, Banks filed his petition and commenced this action within 90 days after

---

[12] Deere's Reply Brief (docket number 15) at 2.

receiving a right-to-sue letter from ICRC. Therefore, Deere's motion to dismiss will be denied.

## V. ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss (docket number 7) filed by the Defendants is **DENIED**.

DATED this 27th day of March, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA